## MASON v. STEVENS, et al.

Though when a banking corporation was attempted to be formed in Dakota territory in 1885, by performance of all the acts then required by the law to create a private corporation for gain, there was no law authorizing the creation of a banking corporation there, yet Act Cong. July 30, 1886 (24 Stat. c. 818, § 5), having authorized the territorial

legislature to create such corporations, and it, by Laws 1887, c. 35 (Comp. Laws, § 2900), having amended the laws so as to authorize formation of such corporations, and by Laws 1887, c. 172 (Comp. Laws, §§ 3185, 3186), provided that any company theretofore incorporated for doing a banking business should be entitled to all the privileges, immunities, and powers conferred by the amended statutes, on its filing a certificate with the secretary of the territory setting forth its acceptance of the provisions of such statutes, such bank, though not filing such certificate. was, when thereafter it received deposits, a de facto corporation, so that its stockholders and officers were not liable as partners to such depositors.

(Opinion filed Nov. 26, 1902.)

Appeal from circuit court, Aurora county. Hon. FRANK B. SMITH, Judge.

Action by Wayne Mason against Fred L. Stevens and others. Judgment for plaintiff. Defendants Stevens and another appeal. Reversed.

*H. F. Fellows, Bailey & Voorhees,* and *S. H, Bakewell,* for appellants.

*J. L. Hannett,* for respondent.

HANEY, P. J. The facts necessary to an understanding of the propositions discussed in this decision may be stated thus: In November, 1885, articles of incorporation were prepared, setting forth that the subscribers thereby formed themselves into a private corporation for the purpose of carrying on "a general banking, real estate. and loan business"; that the name of such corporation should be the Bank of Plankinton, with its principal place of business at Plankinton, Dak. T.; that it should continue for 25 years, unless sooner dissolved as provided by law; that its capital stock should consist of 500 shares of $100 each; and that its affairs should be managed by a board of five directors, naming the persons who were to act

6 S. D.—21

as such until the election of their successors.   These articles were duly acknowledged, filed, and recorded in the office of the secretary of the territory, and soon thereafter the Bank of Plankinton began transacting a general banking business at Plankinton, Dak. T., continuing to transact such business as a corporation until about January 8, 1900, when its doors were closed, and its affairs passed iuto the possession of a receiver. All the acts required by the law in 1885 to create a private corporation for profit were performed.   Notwithstanding the existence of these facts, the plaintiff, to whom the bank was indebted as a depositor when it failed, contends that it was not a corporation, and that the defendants, as stockholders and officers thereof, are individually liable as partners for the amount of his deposits.   In discussing this contention, it will be assumed that the bank was indebted to the plaintiff in the sums alleged in the complaint, and that the defendants Stevens and Bartow, who alone were served, and who alone appeared in the court below, were stockholders and officers of the alleged corporation.

To properly understand the status of this banking institution, it will be necessary to briefly refer to the history of legislation in the territory on the subject of banking corporations. It may be conceded for the purposes of this appeal that prior to 1887 neither the federal nor the territorial statutes authorized the creation of corporations for the purpose of transacting banking business.   In that year congress and the territorial legislature so amended the then existing statutes as to expressly authorize the formation of such corporations.   24 Stat. c. 818, § 5; Laws 1887, c. 35 (Comp. Laws, § 2900).   In the same year the territorial legislature passed an act providing that

any company theretofore incorporated for the purpose of doing a banking business should be entitled to the privileges, immunities, and powers conferred by the amended statutes, upon filing with the secretary of the territory a certificate under its corporate seal, to be by him recorded, setting forth the acceptance by the corporation of the provisions of the amended statutes relating to private corporations for profit. Laws 1887, c. 172 (Comp. Laws, §§ 3185, 3186). Thus it clearly appears that, after the amendments of 1887 went into effect, there was ample authority for the formation of private corporations for banking purposes in the territory. Whatever may have been the retroactive effect, if any, of filing the certificate of acceptance provided for in the laws of 1887, there can be no doubt that any company or association organized for banking purposes would, upon availing itself of the privilege of filing the prescribed certificate, have become a de jure corporation. The legislature certainly had power to provide the method of organizing banking corporations after it became authorized by the act of congress to create corporations for that purpose. We can discover no reason for concluding that it could not provide for the incorporation of banks under the circumstances defined in the act of 1887, by merely requiring the filing of the certificate of acceptance mentioned therein. Therefore the conclusion cannot be escaped that corporations for banking purposes might have been formed under the territorial statutes at any time subsequent to the amendments of 1887, and that the Bank of Plankinton might have become a de jure corporation at any time thereafter by filing the required certificate. It appears, however, that no such certificate was ever filed; hence the institution did not become a de jure corporation. But

as the laws of the territory and state for years preceding the time when plaintiff's deposits were made authorized the formation of such corporations, we have no hesitancy in holding that the Bank of Plankinton was a de facto corporation, and that its due incorporation cannot be inquired into in this action. Comp. Laws, § 2892. The nature of its corporate existence having been carefully considered in another case decided at the present term (State v. Stevens, 92 N. W. 420), further discussion of the matter is deemed unnecessary. It would hardly be consistent to hold upon substantially the same state of facts that this bank was a de facto corporation for the purpose of convicting one of its officers of a criminal offense, and that it was not a de facto corporation for the purpose of making its stockholders and officers individually liable as members of a partnership. Its depositors having dealt with it as a corporation, equity does not demand, or justify them in now contending, that it should be regarded as a partnership.

It follows that the learned circuit court erred in directing a verdict in favor of the plaintiff, and its judgment must be reversed.